11-3565
Roka v. Holder

BIA
Morace, IJ
A089 266 928
A089 266 929
A089 266 930
A089 266 931

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of August, two thousand twelve.

PRESENT:
>    JON O. NEWMAN,
>    ROBERT A. KATZMANN,
>    CHRISTOPHER F. DRONEY,
>         *Circuit Judges.*

_____

JYOTI PANT ROKA, AMAR ROKA,
POOJA POKA, AAYUSH ROKA,
         *Petitioners,*

         v.                                    11-3565
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONERS:          Andrew K. Chow, Neil A. Weinrib & Associates, New York, N.Y.

FOR RESPONDENT:           Tony West, Assistant Attorney General; Jennifer P. Levings, Senior Litigation Counsel; Tim Ramnitz,

Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the petition is REMANDED for further proceedings.

Petitioner Jyoti Pant Roka, a native and citizen of Nepal, seeks review of an August 11, 2011, decision of the BIA, reversing the July 17, 2009, decision of Immigration Judge ("IJ") Philip L. Morace, and denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] *In re Jyoti Pant Roka*, Nos. A089 266 928/A089 266 929/A089 266 930/A089 266 931 (B.I.A. Aug. 11, 2011), *rev'ing*, Nos. A089 266 928/A089 266 929/A089 266 930/A089 266 931 (Immig. Ct. N.Y. City July 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA vacated the decision of the IJ granting Roka's application for asylum, we review only the BIA's

---

[1] Roka's husband, Amar Roka, and their two children, Pooja Roka and Aayush Roka, appear as derivative beneficiaries of Roka's application.

2

decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because the BIA did not address the IJ's credibility finding, however, we assume, but do not determine, Roka's credibility for the purpose of analyzing her petition. *See id.* The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Although we accord substantial deference to the agency's factual findings, our review of its decision requires that the agency adequately identify and consider relevant evidence in the first instance. *See Yi Long Yan v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007) ("[O]ur duty [is] to assess the BIA's ruling to determine whether there was a failure to consider an important fact in the record."); *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) ("[T]he BIA should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." (internal quotation marks omitted)); *see also Delgado v. Mukasey*, 508 F.3d 702, 709 (2d Cir. 2007) ("[F]ailure to consider material evidence in the record is ground for remand.").

3

Here, the BIA denied Roka's asylum and withholding of removal claims principally because it found that she had not demonstrated a nexus between her alleged political opinion and the harm she suffered, and feared that she would suffer, by the Maoists.[2]  To support this conclusion, it observed that she was not a prominent member of a political party that opposed the Maoists; that she was "apparently targeted because she and her husband owned a business"; and that the harm inflicted by the Maoists was motivated by their desire to extort money from Roka.  Although the record is not necessarily inconsistent with these findings, review of the BIA's decision confirms that it failed to address sufficiently all of the material facts and ignored certain applicable legal standards.

For example, that Roka was not a member of a political party opposed to the Maoists is irrelevant to her asylum and withholding claims, which were based on her alleged *imputed* political opinion.  *See Chun Gao v. Gonzales*, 424 F.3d 122,

---

[2] Although the BIA also held that Roka had failed to demonstrate eligibility for asylum and withholding of removal on account of her membership in a particular social group, Roka does not pursue this issue in her petition before this Court, which we therefore deem abandoned.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

4

129 (2d Cir. 2005) ("[T]he question in this case is not whether Gao was or is a practitioner of Falun Gong, but whether the authorities would have *perceived* him as such or as a supporter of the movement because of his activities. If authorities would persecute him as an adherent or as a supported of Falun Gong, then such persecution would be 'on account of' an enumerated ground." (emphasis in original)).

Moreover, while the Maoists may have been motivated, in part, by Roka's status as a wealthy business owner, the record suggests that this was not their sole motivation. *See Castro v. Holder*, 597 F.3d 93, 103 (2d Cir. 2010) ("[E]ven if recruitment were *one* reason for Rodas's persecution, that would not be conclusive, for Rodas need show only that his political opinion, actual or imputed, was 'one central reason' for his persecution, not that it was the sole reason for it." (emphasis in original)). To the contrary, credible evidence supports the inference that the Maoists could have been motivated also by the fact that Roka manufactured uniforms for the Nepalese Army, which was opposed to the Maoists, and that Roka refused the Maoists' request to manufacture uniforms for their own forces. The BIA did not explain why this evidence did not demonstrate that the Maoists targeted Roka on account of their belief

that she was opposed to their political objectives. *See id.* ("[C]areful attention to the particularized circumstances surrounding the alleged persecution remains necessary even if the persecution is generally categorized as extortion[.]" (internal quotation marks omitted)).

Because the BIA did not address adequately critical evidence in the record, we remand Roka's asylum and withholding claim for further consideration by the agency. And because the BIA's perfunctory denial of Roka's CAT claim suffers from this same problem, we remand that claim as well.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the matter is REMANDED for further proceedings consistent with this order. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

6